IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRIN J. WILLIAMS, DEQUAWN BUTLER,<br> *Plaintiffs*,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br> *Defendant*. | Civil Action No. ELH-15-01936 |

**MEMORANDUM**

In March 2015, plaintiffs Darrin J. Williams and Dequawn Butler filed a one-count negligence suit in the District Court of Maryland for Anne Arundel County, against Anthony J. Monaco. The suit arises from a motor vehicle accident that occurred in March 2013. ECF 2 (Complaint).

According to the United States Attorney for the District of Maryland, at the time of the accident Monaco "was acting within the scope of employment as an employee of the United States". ECF 11-1 (Certification of U.S. Attorney Rod Rosenstein). Accordingly, Monaco removed the action to this Court (ECF 1, Notice of Removal), pursuant to 28 U.S.C. § 2679(d)(2). The United States also asked this Court to substitute the United States (the "Government") as defendant, pursuant to the Federal Tort Claims Act ("FTCA"). ECF 9 ("Motion to Substitute"); *see also* 28 U.S.C. § 2679(d)(2). I granted the Motion to Substitute on July 2, 2015. *See* ECF 12 (Order).

On July 10, 2015, the Government filed a "Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer" (ECF 16, "Motion"), along with a supporting memorandum

of law. ECF 16-1 ("Memo"). The Government correctly points out that "any action against the United States under the FTCA may be tried 'only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.' 28 U.S.C. § 1402(b)." ECF 16-1 at 3. Because plaintiffs are "citizens and residents of [the] District of Columbia and the alleged motor vehicle accident occurred in the District of Columbia", *id*., the Government argues that venue is proper only in the District of Columbia. ECF 16-1 at 3. Therefore, it asks this Court to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue. *Id*. Alternatively, it seeks a transfer of the action to the United States District Court for the District of Columbia. *Id*.

Plaintiffs oppose the Motion. ECF 20 ("Opposition"). They explain that they originally filed the action in Maryland "in furtherance of allowing the case to proceed in the county where [the original defendant,] Mr. Monaco[,] resides." *Id*. ¶ 2. They add that, before filing suit, they tried to determine whether Monaco was acting within the scope of his employment at the time of the accident, but received no response from the Government. *Id*. ¶ 1. Plaintiffs then argue: "Dismissing this action would be prejudicial to Plaintiffs, in unnecessarily delaying the litigation process on a case which they filed, over two months ago, and adding unnecessary costs to Plaintiffs who are of modest means." *Id*. ¶ 4. They conclude: "As such, the matter should not be dismissed or transferred." *Id*. ¶ 5. Alternatively, plaintiffs ask the Court to transfer the case, rather than dismiss it. *Id*. ¶ 6.

Curiously, the Complaint fails to specify with clarity where the accident occurred. It states that "all the facts giving rise to Plaintiffs' causes of action arose in Anne Arundel County, Maryland." ECF 2 ¶ 5. This would be inaccurate, of course, if the accident happened outside of Maryland. Elsewhere in the Complaint, it states that, at the relevant time, plaintiffs were in a

vehicle "on Eastern Avenue going northbound, NE approaching the intersection of Eastern Avenue and Monroe Street NE." *Id.* ¶ 6.  Although the reference to "NE" suggests that the accident occurred in the District of Columbia, plaintiffs do not specifically mention the District of Columbia.

In their Opposition, however, plaintiffs do not dispute defendant's contention that the accident occurred in the District of Columbia.  *See* ECF 16-1 at 2.  Moreover, in a letter dated May 20, 2013, from plaintiffs' counsel to the Department of Homeland Security, plaintiffs' counsel represented that the accident occurred in Washington, D.C.  *See* ECF 13-1.  Plaintiffs' lawyer also attached a copy of the Police Report (ECF 13-1 at 2-7), completed by the Metropolitan Police Department of Washington, D.C., which documented the location of the accident in Washington, D.C.  *Id.*  And, plaintiffs have averred that they are residents of the District of Columbia.  ECF 2 ¶¶ 2, 3.  Accordingly, plaintiffs have effectively conceded that venue in the District of Maryland is improper under 28 U.S.C. § 1402(b).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  In my view, the interests of justice warrant a transfer of the action to the United States District Court for the District of Columbia, rather than dismissal.

As plaintiffs made clear in their Opposition, when they filed suit, they did not know that Monaco was acting within the scope of his federal employment.  And, they had attempted to secure this information from his employer, without success.  So, at the outset, it is

understandable that suit was filed in a Maryland court. Under the circumstances, I see no reason to dismiss the case.

An Order follows.

Date: August 3, 2015                                              /s/
                                                                        Ellen Lipton Hollander
                                                                        United States District Judge